## James Conte, Appellant, v. Allen Candy Company, Appellee.

## Gen. No. 7,158.

PLEADING—*burden of proof of unnecessary averment of waiver,
in declaration.* In an action by an inventor for the purchase price
of a machine sold, before the issuance of letters patent, under a
contract for the use ,of the machine pending granting of letters
and for purchase of the machine and patent rights upon issuance
thereof, an averment in the declaration of waiver of a provision
of the contract that the patent shall substantially cover the device,
which "shall be operable clear and free" of infringement, though
unnecessary to recovery of the price where the defendant had ac-
cepted assignment of the patent and made one payment on pur-
chase price, since breach of such conditions must be set up as an
affirmative defense by special plea, must be proven by plaintiff or
a directed verdict against him is proper.

Appeal by plaintiff from the Circuit Court of Livingston county;
the Hon. STEVENS R. BAKER, Judge, presiding. Heard in this court
at the October term, 1922. Affirmed. Opinion filed August 13,
1923.

ADSIT & THOMPSON and JOHN A. BROWN, for appel-
lant.

TUESBURG, WILSON & ARMSTRONG, for appellee.

MR. JUSTICE JONES delivered the opinion of the
court.

This is an appeal by James Conte from a judgment
on a directed verdict against him and in favor of
the appellee, the Allen Candy Company. Briefly
stated, the facts are that Conte was an inventor of
a machine for dipping and coating nuts in the manu-
facture of candy. He had applied for a patent on
this machine, and, during the pendency of his ap-
plication for a patent, he permitted the appellee to
use the machine. A contract in writing was entered

into which is fully set out in the abstract. It provided for the sale by Conte to the Candy Company of said machine together with the patent, when issued, for the consideration of $5,000. The third paragraph of the contract provided that when Conte received official notice of the allowance of said application, substantially covering said device, and if said device shall then be operable free and clear of infringement of other letters patent, the Candy Company shall make payment of $1,000 in cash and said other payments of $500 each every six months thereafter. One thousand dollars was paid at the date of the execution of said contract and $500 on April 1, 1915, before the notice of the allowance of the application.

The application for letters patent was granted and due notice thereof was received and thereupon the Candy Company accepted an assignment of the patent and became the owner of the machine. It paid the first instalment of $500 falling due thereafter but refused to pay the second instalment and this suit was brought. Plaintiff has had two sets of attorneys and we are somewhat confused about the state of the pleadings. According to our understanding the declaration filed by the plaintiff declared on the said contract and contained an averment of a waiver of the conditions in the contract. The conditions referred to are those requiring that "Said patent shall substantially cover said device and said device shall be operable clear and free of infringement of other letters patent." We cannot imagine the purpose of this averment unless the plaintiff was under the impression that proof of such requirement was necessary before a recovery could be had for unpaid instalments. This is an erroneous view. If, after the receipt of notice of the allowance of the patent, the Candy Company had refused to make any of the payments and to perform its contract then the plaintiff,

in a suit for recovery, would have been compelled to show that he had performed in the matter of these requirements. But when the defendant accepted the assignment it was no longer necessary in a suit for the recovery of the instalments for the plaintiff to make this showing. That the machine was not workable or that there was an infringement of other letters patent was a matter of affirmative defense and should have been shown under a special plea of the defendant. Nevertheless, when a plaintiff unnecessarily makes averments in his declaration which relieves a defendant from setting up the same matter by a special plea, it has been held that the burden is upon the plaintiff to prove said averments. In the case of *Manufacturers State Bank of East Moline v. American Surety Co. of New York, post,* p. 474, in which an opinion was filed at this term, the same point is involved and we arrived at the conclusion herein expressed.

The plaintiff made no effort to prove such waiver and the court directed a verdict. We think under the circumstances the court was right and therefore this judgment must be affirmed.

Nothing we have said herein is to be taken as an expression of an opinion regarding the right of the plaintiff to recover unpaid instalments. The appellee has filed an additional abstract and with it a motion for taxing the costs thereof to the appellant. We have carefully considered this motion and are of the opinion that the additional abstract was not necessary. The motion will therefore be denied.

*Judgment affirmed.*